CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



April 12, 2018

Stephen F. Shea
Elkind & Shea
801 Roeder Rd. STE 550
Silver Spring, MD 20910

David Nathaniel Mervis
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd. Rm. 617
Baltimore, MD 21235

Subject: *Eichelberger v. Colvin*[1]
Civil No.: 8:16-cv-03299-GLS

Dear Counsel:

Pending before this Court, by the parties' consent, are Motions for Summary Judgment. (ECF 2, 6, 15, 23). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. L.R. 105.6. For the reasons set forth below, both Motions are DENIED and the SSA's judgment is remanded for further consideration.

## I. BACKGROUND

On November 6, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging that her disability began on April 19, 2009. (Tr. 107). Plaintiff's application was denied initially (December 11, 2013), and upon reconsideration (April 25, 2014), by the SSA. (Tr. 78, 85). Plaintiff appeared at a hearing on February 9, 2016 presided by Administrative Law Judge ("ALJ") F. H. Ayer. (Tr. 32). On April 20, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 14). The SSA Appeals Council denied Plaintiff's request for review on July 28, 2016. (Tr. 1). Accordingly, the ALJ's opinion became the final and reviewable decision of the Social Security Administration. *Id.*

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

The Plaintiff petitioned this Court on September 29, 2016, (ECF No. 1), raising one argument, namely that the ALJ erred in assessing her Residual Functional Capacity ("RFC"). (ECF No. 15 at 3).

## II.    DISCUSSION

Plaintiff contends that there is not substantial evidence supporting the ALJ's RFC determination. Specifically, Plaintiff avers that the ALJ failed to sufficiently explain his function-by-function assessment findings that claimant was limited to performing simple, one to four step routine, repetitive tasks and to a work environment where there would only be occasional contact with coworkers and supervisors, no contact with the general public, and where there was no fast pace or production quotas. (ECF No. 15 at 6, 9). Defendant argues that the ALJ properly conducted a function-by-function analysis and basing his final evaluation on "the evidence of Ms. Eichelberger's problems with her memory and concentration, her anxiety and adjustment disorders, and her guarded personality type." (ECF No. 23 at 6). However, defendant does not mention how the ALJ supported his conclusion regarding the claimant's limitation to one to four step routine, repetitive tasks.

An ALJ needs to develop a record with sufficient analysis for the reviewing court's review. It is well settled in the Fourth Circuit that an ALJ's decision should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). The ALJ should build "an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017). In *Mascio*, the Fourth Circuit reversed and remanded when it was unable to determine how the ALJ arrived at the conclusions about claimant's ability to perform relevant functions and was uncertain as to the ALJ's intent. *See Mascio*, 780 F.3d at 637. Similarly, in *Petry*, this Court found no substantial evidence for a finding that claimant would be off task 10% of the time when the ALJ failed to explain the calculation. *Petry*, 2017 WL 680379, at *2. This Court has previously remanded when it "was unable to ascertain whether the ALJ truly believed [claimant] to have moderate difficulties in concentration, persistence, and pace, and how those difficulties restrict her RFC to 'simple 1-4 step, routine, repetitive tasks' without further limitation." *Jones v. Comm'r*, No. 15-2638, 2016 WL 4687678, at *3 (D. Md. Sept. 7, 2016). Here, the ALJ also inadequately explained his conclusion that claimant was limited to simple one to four step routine, repetitive tasks.

In the instant case, although the ALJ properly developed a record with regard to the ALJ's work environment findings, the ALJ omitted entirely any explanation for the finding of a one to four step routine, repetitive tasks limitation. The ALJ cited to evidence about claimant's personality disorders and other medical evidence to support his work environment finding, repeatedly opining that claimant has untreated anxiety and a guarded personality. (Tr. 23). But there is no such discussion for the type of tasks claimant can perform. The ALJ notes that claimant has moderate difficulties in concentration, persistence or pace, explaining that claimant "reported difficulty with memory and concentration" in her function reports; however, the ALJ

also makes repeated mentions of claimant's good ability to complete daily tasks and her good concentration and memory. (Tr. 20, 22–23) (noting a "well intact executive function including a solid memory performance" and "good eye contact, concentration, and recent and remote memory"). But the ALJ does not then explain why, given contradictory evidence, he came to the conclusion that claimant can perform only one to four step routine, repetitive tasks. The Court is left, as it was in *Jones*, to wonder whether the ALJ truly believed claimant had moderate difficulties and how these difficulties then resulted in the one to four step limitation. *See Jones*, *supra*, at *3 (finding the ALJ's assessment of contradictory testimony and medical records as "insufficient to permit adequate review."). Without further explanation the Court cannot adequately review the ALJ's determination. The ALJ's decision therefore must be remanded for further explanation on this point. In remanding, the Court expresses no opinion as to whether the ALJ's ultimate conclusion on whether to award benefits is correct or incorrect.

### III. CONCLUSION

For the reasons set forth above, Ms. Eichelberger's Motion for Summary Judgment, (ECF No. 15), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 23), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/

The Honorable Gina L. Simms
United States Magistrate Judge